Christopher R. Hogle, #7223
Jennifer S. Huntsman, #13750
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
crhogle@hollandhart.com
jshuntsman@hollandhart.com
*Attorneys for Defendants,*
  *United Park City Mines Company*
  *and Talisker Finance LLC*

Jeffrey H. Wood (*Pro Hac Vice*)
Thomas C. Jackson (*Pro Hac Vice*)
BAKER BOTTS LLP
700 K Street NW
Washington, D.C. 20001
Telephone: (202) 639-7732
Jeff.wood@bakerbotts.com
Thomas.jackson@bakerbotts.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARK CITY MINES and TALISKER FINANCE LLC,<br><br>Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS LODGED IN ITS REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Civil No. 2:17-CV-00482-TC<br>Judge Tena Campbell |

Pursuant to DUCivR 7-1(b)(1)(B), Defendants United Park City Mines Company ("UPCM") and Talisker Finance, LLC ("TF") respectfully submit this response to Plaintiff's evidentiary objections lodged in its Reply in Support of Motion for Partial Summary Judgment (ECF No. 98).  None of Plaintiff's objections are well-taken.  In fact, Plaintiff objects mostly to Defendants' cites to Plaintiff's own exhibits attached to its summary judgment motion.  For the following reasons, the Court should overrule Plaintiff's objections.

1. On the asserted grounds that "[s]elf-serving and conclusory allegations within a[] . . . declaration are not accepted," Plaintiff "objects to the opinion of Mr. Gee as insufficient to establish as an undisputed fact that EPA 'fostered distrust in the Park City community and was ineffective.'" Reply at 5 n.2 (internal quotations and citation omitted).

Plaintiff's objection should be overruled for two reasons. First, Mr. Gee is not the source of the fact that EPA's early approach in the Park City, Utah area fostered distrust and was ineffective. Instead, the source is EPA's own review of its approach: "The prevailing opinion of Park City government, as well as many influential citizens, was that EPA and Superfund were inefficient and could not be trusted. . . . These attitudes made EPA's Superfund mission nearly impossible to perform and resulted in no EPA-led cleanups being conducted in the area through 1998." Opp. to Mot. for Part. Summ. J. (ECF No. 86) at 8 ¶ 3 (citing Ex. B-5 to Hogle Dec. (ECF No. 87-8) at EPA_00044188).

Second, Defendants do not offer Mr. Gee's declaration to "establish [anything] as an undisputed fact." Reply at 5 n.2. Defendants are non-movants opposing the entry of summary judgment in Plaintiff's favor. Accordingly, to defeat Plaintiff's summary judgment motion, Defendants need not establish any fact is "undisputed." Rather, Defendants' evidence is offered to demonstrate genuine *disputes* of material fact.

2. Plaintiff objects to its own exhibits as hearsay. Plaintiff attached Defendants' interrogatory responses as Exhibits 30 and 31 to its Motion for Partial Summary Judgment. (ECF Nos. 72-31 and 72-32.) Plaintiff also attached Defendants' December 9, 2020 supplemental responses to the subject 104(e) requests as Exhibits 25 and 26. In their opposition, Defendants cite to portions of those responses and, in its reply, Plaintiff objects on hearsay

grounds. Reply at 8, 14, and 17. Plaintiff's objections should be overruled for at least four reasons.

First, in opposing Plaintiff's summary judgment motion, Defendants are entitled to point out the portions of Plaintiff's own summary judgment filings that give rise to a material fact dispute or preclude entry of judgment as a matter of law in Plaintiff's favor. Fundamentally, "the material submitted by parties in support of summary judgment . . . must be construed liberally in favor of the party opposing the motion." *Zaintz v. Albuquerque*, 739 F. Supp. 1462, 1467 (D.N.M. 1990); *see also O'Farrell v. Bd. of Comm'rs*, 455 F. Supp. 3d 1172, 1181 n.10 (D.N.M. 1990) ("On a summary judgment motion, the court must resolve all reasonable inferences and doubts in the nonmoving party's favor, *and construe <u>all evidence</u> in the light most favorable to the nonmoving party*." (Emphasis added.)). In accordance with that standard, the Court must allow the non-movant to identify portions of the materials submitted by the movant that defeat summary judgment. Indeed, applying that standard, courts hold that "[a] nonmovant may use a movant's own [summary judgment] exhibit against the movant to establish the existence of a fact question." *E.g., Perry v. Houston Indep. Sch. Dist.*, 902 S.W.2d 544, 547-48 (Tex. Ct. App. 1995).

Plaintiff's objection turns the summary judgment standard on its head. According to Plaintiff, Defendants may not point out the portions of Plaintiff's own exhibits that preclude summary judgment in Plaintiff's favor. Proper application of the summary judgment standard does not allow the Court to rely exclusively on the portions of the movant's exhibits that support summary judgment and ignore the portions that defeat it.

Second, this Court's rules do not allow Plaintiff to object to its own exhibits offered in support of its motion for summary judgment. A movant is permitted to object to evidence only if the evidence is offered in opposition to the motion. DUCivR 7-1(b)(1)(B) ("*If evidence is offered in opposition to the motion*, evidentiary objections may be included in the reply memorandum." (Emphasis added.)). Nothing allows Plaintiff to object to its own exhibits.

Third, the portions of Plaintiff's Exhibits 25, 26, 30, and 31 to which Plaintiff objects are not hearsay. These portions reflect statements made by a party opponent: the United States. In Plaintiff's Exhibits 30 and 31, Defendants repeat the statements Plaintiff's counsel made during the July 20, 2017 Rule 26(f) conference. In Plaintiff's Exhibits 25 and 26, Defendants identify a November 30, 2020 conference call among counsel for the parties, in which Plaintiff's counsel continued their unwillingness or inability to identify what might be missing from UPCM's previous response to Request No. 8 and TF's previous response to Request No. 9. Such statements are admissible under Fed. R. Evid. 801(d)(2).

Fourth, though the exhibits may be considered for the truth of the matters stated (for the above reasons), they also may be admitted for other reasons. Plaintiff's motion challenges the reasonableness of Defendants' approach to responding to EPA's 2016 Section 104(e) requests. The reasonableness of that approach is affected by what Defendants reasonably understood at the time. For example, during the July 2017 Rule 26(f) attorneys' planning meeting, Plaintiff's counsel stated that only the responses to Request Nos. 5-10 and 12 to UPCM and Request Nos. 5-6 and 8-10 to TF are at issue. Pltf's App. Ex. 30 at 4-5 n.2; Pltf's App. Ex. 31 at 4 n.1. That statement supports the reasonableness of Defendants' understanding that their responses to the other requests were satisfactory and need not be supplemented.

4

Similarly, in November 2020, Defendants understood that Request No. 8 to UPCM and Request No. 9 to TF had been sufficiently answered, and they stated as much in their counsel's November 11, 2020 letter.  (ECF No. 88-8.)  In his November 18, 2020 response, Plaintiff's counsel took the opposite position but identified nothing that might be missing from those responses.  (ECF No. 88-9.)  When those responses came up during a November 30, 2020 telephone conference, Plaintiff's counsel again would not identify anything missing from UPCM's response to Request No. 8 and TF's response to Request No. 9.  All of this is set out in Plaintiff's Exhibits 25 and 26, and it supports the reasonableness of Defendants' efforts to try to find out what might be missing from their responses in order to ensure the completeness of their answers and explain why Defendants did not supplement their responses to those requests.

For at least these reasons, the Court should overrule Plaintiff's evidentiary objections in its reply in support of its motion for partial summary judgment.

DATED this 13th day of October, 2021.

          HOLLAND & HART LLP

          */s/ Christopher R. Hogle*
          Christopher R. Hogle
          Jennifer S. Huntsman
          *Attorneys for Defendants,*
            *United Park City Mines Company and*
            *Talisker Finance LLC*

17564756_v1